UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1369

BOBBY HARRIS,
                                Appellant,

v.

THOMAS M. ARMSTRONG; JAMES CASNER;
THOMAS L. JAMES, Chief Grievance Coordinator;
HEARING EXAMINER MICHAEL FERSON;
CHIEF HEARING EXAMINER ROBERT BITNER;
PAUL STOWITZKY; JOHN C. SMITH; MARK
CAPOZZA; MICHAEL MAHLMEISTER; WALTER
S. SMITH; DENNIS L. FISHER; MARTIN
SAUNDERS; DAVID SHAW; JOHN DOES

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-00013)
District Judge: Honorable Terrence F. McVerry

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
and/or Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 16, 2005

Before: ROTH, BARRY AND SMITH, <u>CIRCUIT JUDGES</u>

(Filed August 23, 2005)

OPINION

PER CURIAM

Appellant Bobby Harris filed a civil rights action in United States District Court for the Middle District of Pennsylvania, alleging that prison officials failed to protect him from an inmate assault in violation of his Eighth Amendment rights. The District Court appointed counsel, and discovery ensued. Harris' deposition was taken. The defendants filed a motion for summary judgment, which, by agreement of the parties and with permission of the District Court, was limited to the issue whether, under the undisputed facts, Harris had exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Counsel for Harris submitted written opposition to this motion.

Following the filing of a Report and Recommendation by the Magistrate Judge, appointed counsel moved to withdraw and the motion was granted. Harris submitted Objections to the report pro se. The District Court overruled the Objections and granted summary judgment to the defendants, concluding that Harris had failed to exhaust administrative remedies. Harris was granted leave to appeal in forma pauperis in this Court.

We will summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6, because it clearly appears that no substantial question is presented by this appeal. A prisoner must exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) prior to bringing suit. See Booth v. Churner, 532 U.S. 731 (2001). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular

At his misconduct hearing, for example, Harris claimed that he should not have been charged with fighting because he was acting in self-defense after he was attacked and stabbed. His claim that he acted in self-defense in fighting back, in which he emphasized that he was the victim and not the aggressor, is substantially different from his claim that prison officials knew of and disregarded an excessive risk to his safety. Farmer v. Brennan, 511 U.S. 825, 838 (1994). The family complaint and communications from Harris himself are similarly inadequate insofar as they convey the unrelated argument that the misconduct was fabricated. The state police report and Heckel letter do not convey Harris' failure to protect claim. The DC-ADM 804 grievance, #4019, concerning the loss of his personal property is wholly unrelated, and, furthermore, it serves to show that Harris was not on grievance restriction, and was aware of the grievance procedures, and could have made use of them to pursue his failure protect claim.

The judgment of the District Court granting summary judgment to the defendants is affirmed.